UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA LEMKE, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>HOVG, LLC d/b/a BAY AREA CREDIT SERVICE; PENDRICK CAPITAL PARTNERS, LLC; and PENDRICK CAPITAL PARTNERS II, LLC,<br><br>*Defendants*. | Case No. 18-cv-05080<br><br><br><br><u>Jury Demanded</u> |

### COMPLAINT—CLASS ACTION

Plaintiff, Laura Lemke, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3. Defendants sent Plaintiff a collection letter which falsely stated they may charge a processing fee and Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can

create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

4. Defendant, HOVG, LLC ("HOVG"), is Nevada corporation doing business in the state of Illinois that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephones to collect, or attempt to collect, defaulted consumer debts due or asserted to be due another. (Exhibit A, Record from Illinois Secretary of State).

5. HOVG is licensed as a collection agency in Illinois attempts to collect debts from consumers in the State of Illinois. (Exhibit B, Record from Illinois Department of Professional and Financial Regulation).

6. As a condition of maintaining its license as collection agency, HOVG is insured and bonded for at least $25,000 for incidents arising out of their attempted collection of a debt.

7. Pendrick Capital Partners, LLC, and Pendrick Capital Partners II, LLC (collectively, "Pendrick"), is a pair of Delaware limited liability companies that operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. Pendrick maintains a registered office and agent in Illinois, located at C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibits C and E, records from Illinois Department of Professional and Financial Regulation).

8. Pendrick is one of the largest health care debt buyers in the USA, and has purchased over 55 million consumer medical accounts with a face value of over $16 billion. (Pendrick Capital Partners, LLC, LinkedIn, https://www.linkedin.com/company/1584027) (viewed on Sep. 1, 2017).

9. Pendrick's principal purpose is the collection of debts as it derives most, if not all, of its revenue from collecting on these accounts. *Id*.

10. Pendrick is registered as a collection agency in Illinois. (Exhibits D & F, records from Illinois Department of Financial and Professional Regulation).

11. Pendrick is thus a "debt collector" as that term is defined at § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12. According to Defendants, Laura Lemke ("Plaintiff") incurred an alleged debt for goods and services used for personal purposes, originally for an EMP of Will County medical account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

14. Defendants subsequently began collecting the alleged debt.

15. On or about July 25, 2017, Defendants mailed Plaintiff a collection letter ("Letter"). (Exhibit G, Collection Letter).

16. Exhibit G is a form letter.

17. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

18. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

19. The Letter states that payments by debit card or credit card will be accepted.

20. The Letter states: "Please be advised that you may incur processing charges when utilizing these methods of payment." (Ex. G, Letter).

21. In fact, Plaintiff may not incur processing charges as such charges are unlawful in the State of Illinois.

22. Specifically, the Illinois Collection Agency Act, 225 ILCS 425/9(a)(29), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement."

23. There is no agreement between Plaintiff and Defendants authorizing them to collect a processing fee for any reason.

24. The alleged debt was not incurred as the result of a commercial transaction.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

    **(A) the character, amount, or legal status of any debt. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

27. Defendants made a false statement in connection with the attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e(2)(a), 1692e(10) and 1692f(1), when they told Plaintiff and the class members that Defendants may charge them a processing fee.

28. Pendrick bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including HOVG. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016)

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

31. The class consists of (a) all individuals with Illinois addresses, (b) who were sent a letter by Defendants to collect a debt (c) which letter stated Defendants may collect a processing fee (d) which was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

32. As Exhibit G is a form letter, and therefore likely sent out to many consumers in Illinois, the class is so numerous that joinder of all members is not practicable.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant's fee is prohibited by Illinois law;

    b. Whether a letter representing that such fees may be charged violates the FDCPA.

34. Plaintiff claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiffs will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I—FDCPA CLASS CLAIM

37. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

38. Defendants made a false statement in connection with the attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e(2)(a), 1692e(10) and 1692f(1), when they told Plaintiff and the class members that Defendants may charge them a processing fee.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendants as follows:

    i. Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

   ii. Actual damages in favor of all class members charged the fee;

  iii. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  iv. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
Celetha C. Chatman

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                             By: s/Celetha C. Chatman
                                                                    Celetha C. Chatman

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com